IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AIDEN JONES                                                                                   PLAINTIFF

v.                                    Civil No. 2:24-CV-02032

HEATHER PATTON (Chief Deputy
Prosecutor, 5th Judicial District),
JEFFERY WAYNE PHILLIPS (Deputy
Prosecutor, 5th Judicial District),
JACK T. PATTERSON, II (Judge, Johnson
County Circuit Court)                                                                      DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915(e)(2). Under this provision, the Court is required to screen any complaint in which a Plaintiff seeks to proceed *in forma pauperis*.

### I.    BACKGROUND

Plaintiff filed his Complaint and *in forma pauperis* ("IFP") application in the Eastern District of Arkansas on March 8, 2024. (ECF Nos. 1, 2). The case was transferred to this District on March 11, 2024. (ECF No. 11). The Plaintiff is not currently incarcerated.

Plaintiff names two prosecutors and an Arkansas Circuit Court judge as Defendants. (ECF No. 2). He identifies Defendants Patton and Phillips as prosecutors in the Fifth Judicial District, Johnson County, City of Clarksville. (*Id.* at 2). He identifies Defendant Patterson as a Johnson County Circuit Judge in Johnson County, City of Clarksville. (*Id.*). He alleges these three

1

individuals, in conjunction, erroneously accused him of violating a no-contact order while he was still incarcerated, then denied him the right to timely contest his bond revocation based on that alleged violation. (*Id*. at 5-6). He further alleges this unwarranted incarceration led to significant personal and financial harm. (*Id*. at 6). In sum he states, "[t]he procedural errors and disregard for statutory and constitutional protections have caused lasting damage necessitating legal redress." (*Id*.).

Plaintiff does not state the capacity in which he is suing Defendants. He seeks a declaratory judgment that Defendants have violated his rights, and he requests that they all be subjected to review by the Arkansas Bar. (*Id*. at 7). He seeks compensatory and punitive damages in the amounts of $500,000. (*Id*.). He also seeks an injunction against all Defendants "prohibiting unconstitutional practices," and any other relief deemed proper. (*Id*.).

## II.     LEGAL STANDARD

Under § 1915A, the Court is obliged to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987); *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  ANALYSIS

#### A.  Judge Patterson

Judge Patterson is an Arkansas Circuit Court Judge in the Fifth Judicial District, Division Four. As such, he is immune from suits. "Few doctrines were more solidly established at common law than the immunity of judges for liability for damages for acts committed within their judicial jurisdiction." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). The Supreme Court "has pronounced and followed this doctrine of the common law for more than a century." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) (citation omitted). Judicial immunity is only overcome in two narrow situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Moreover, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citations omitted); *see also Bolin v. Story*, 225 F.3d 1134, 1240-42 (11th Cir. 2000) (judicial immunity applies to *Bivens* actions); *Schwartz v. Weinstein*, 459 F.2d 882, 883 (8th Cir.

1972) (judicial immunity applies to actions under 42 U.S.C. § 1985); *Nolan v. Campbell*, 369 F. Supp. 1032 (E.D. Mo. 1974) (judicial immunity applies to actions brought under 42 U.S.C. §§ 1983 & 1981).  Plaintiff's factual allegations against Judge Patterson are for actions taken in his judicial capacity.  Thus, any claim for damages is barred.

Furthermore, § 1983 precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.  Plaintiff does not allege that either of these prerequisites for injunctive relief are met.  Therefore, Judge Patterson is absolutely immune from this suit.

### B.     Prosecutors Patton and Phillips

As prosecuting attorneys, Defendants Patton and Phillips are immune from suits for monetary damages.  Absolute prosecutorial immunity protects prosecutors from suits for damages "arising out of their official duties in initiating and pursuing criminal prosecutions." *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013) (quoting *Williams v. Hartje*, 827 F.2d. 1203, 1208 (8th Cir. 1987)).  Absolute prosecutorial immunity protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id.* at 428.  This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized.") (internal quotation omitted).

Plaintiff also asks for a declaratory statement that Defendants have violated his constitutional rights and an injunction "prohibiting unconstitutional practices."  The Court will

4

interpret this statement to mean that he is asking for equitable relief concerning his bond revocation or denial. "[P]rosecutors are not immune from claims for equitable relief." *Jenner v. Fackler*, No. 5:17-CV-05254, 2018 WL 798732, at *1 (W.D. Ark. Feb. 9, 2018) (citing *Supreme Court v. Consumers Union*, 446 U.S. 719, 736-38 (1980)). Plaintiff's request for equitable relief, however, fails for three reasons. First, Plaintiff's vague and conclusory allegations are insufficient to support a claim for equitable relief. See *Martin*, 780 F.2d at 1337 (even a pro se Plaintiff must still allege specific facts sufficient to support a claim).

Second, Plaintiff failed to state in what capacity he proceeds against Defendants. If a plaintiff's complaint is silent about the capacity in which he is suing the defendant, the complaint must be interpreted as including only official-capacity claims. *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995). "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself." *Gorman v Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Here, Plaintiff fails to identify any policy or custom of Johnson County which violated his rights. Thus, he fails to state an official capacity claim.

Third, it is a well-established principle that "[t]he federal courts should not interfere in state criminal court proceedings when state and federal law provide adequate legal remedies and when intervention needlessly threatens the principle of comity." *Smith v. Bacon*, 699 F.2d 434, 437 (8th Cir. 1983). Here, Plaintiff asks the Court for equitable relief against prosecutors for the revocation

5

or denial of his jail bond. The Honorable Timothy L. Brooks denied a claim on this precise issue, stating:

> "Generally, adequate legal remedies exist through the use of state procedural safeguards and state and federal habeas corpus proceedings. *Rogers v. Bruntrager*, 841 F. 2d 853, 856 (8th Cir. 1988). Under Arkansas law, a defendant may appeal a denial of bail by filing a writ of certiorari. *See, e.g., Larimore v. State*, 3 S.W.3d 680, 682 (Ark. 1999). This provides the Plaintiff with an adequate legal remedy."

*Jenner*, No. 5:17-CV-05254, 2018 WL 798732, at *1.

Thus, Plaintiff has an adequate legal remedy in state law for his revocation or denial of bond, and his request for equitable relief against the prosecutors should be denied.

## IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of March 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE